THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| EILEEN MANIBUSAN,<br><br>              Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CIVIL CASE NO. 19-0150<br><br>ORDER |

## I.     INTRODUCTION

Plaintiff Eileen Manibusan seeks review of the Administrative Law Judge's ("ALJ") determination that the Social Security Administration ("SSA") properly calculated the amount of Ms. Manibusan's spousal social security benefit. (*See* Dkt. No. 20-1 at 53–60). Ms. Manibusan contends that the ALJ erred in applying the formula provided in Section 202 of the Social Security Act, 42 U.S.C. § 402(q), for individuals eligible for both old-age and spousal benefits. (Dkt. No. 1.) Having thoroughly considered the ALJ's decision, the administrative record, the parties' memoranda, and all filings, the Court finds oral argument unnecessary and AFFIRMS the decision of the ALJ.

## II.     BACKGROUND

Ms. Manibusan challenges the SSA's calculation of her spousal insurance benefit

amount, as provided in its December 7, 2015 Notice of Award. (Dkt. No. 20-1 at 10.) This followed her September 7, 2015 application for spousal benefits. (*Id.* at 79–81.) The relevant facts of this case are undisputed, are adequately described in the ALJ's final decision, and will only be summarized here. (*See id.* at 53–54.) The ALJ issued its final decision confirming the SSA's calculation of Ms. Manibusan's spousal benefit on April 17, 2019. (*Id.* at 53–60.) Prior to his final decision, the ALJ issued an initial decision on February 1, 2018, finding that, based on the available record, Ms. Manibusan's monthly spousal benefit should be half that of her husband's benefit. (*Id.* at 13–16.) The ALJ timely reopened the hearing as provided by 20 C.F.R. § 404.988(a) to supplement the record and then issued a final decision. (*Id.* at 53–60.) According to the ALJ's final decision, Ms. Manibusan's benefit amount should be half of her husband's benefit *less* $178.80. (*Id.* at 56.) The reduction, as provided by 42 U.S.C. § 402(q)(3), results from Ms. Manibusan's September 2, 2011 application seeking her own old-age retirement benefits prior to attaining full retirement age. (*Id.* at 55–56.) Ms. Manibusan requested a review of the ALJ's decision by the Appeals Council, which denied Ms. Manibusan's request for review on October 11, 2019, making the ALJ's decision the Commissioner's final decision. (*See* Dkt. No. 20-1 at 5–9.)

Ms. Manibusan now seeks this Court's review of the Commissioner's final decision. (*See generally* Dkt. No. 1.) She argues that the ALJ's interpretation of 42 U.S.C. § 402(q)(3) is in error. Ms. Manibusan believes that the reduction should not apply to her because, even though she applied for her own old-age early retirement benefits, she did not apply for a spousal benefit until she reached full retirement age. (Dkt. No. 35 at 15–16.) Alternatively, Ms. Manibusan contends that if § 402(q)(3) does apply to her, mandating a reduction of her spousal benefit, then she is also entitled to her full old-age benefit, in addition to a reduced spousal benefit. (Dkt. No.

ORDER
CIVIL CASE NO. 19-0150
PAGE - 2

35 at 6–8.)[1]

### III. ANALYSIS

This Court may set aside the Commissioner's calculation of social security benefits if the ALJ's findings are based on legal error. 42 U.S.C. § 405(g); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Court finds no such error here.

It is undisputed that Ms. Manibusan sought personal old-age social security benefits on September 2, 2011—47 months prior to her full retirement age. (Dkt. Nos. 20-1 at 79; 20-2 at 1–6; 30 at 8.) It is also undisputed that on September 7, 2015—when Ms. Manibusan had reached full retirement age—she sought spousal social security benefits. (Dkt. Nos. 20-1 at 79–81; 30 at 9.) Section 202 of the Social Security Act provides that, in general, a spouse is entitled to the greater of her own old-age retirement benefits or 50% of her spouse's old-age retirement benefits. 42 U.S.C. § 402(b)(2). But this amount must be reduced if the individual sought benefits, whether they be old-age or spousal, prior to reaching full retirement age. *Id.* at § 402(q). Ms. Manibusan does not dispute that this reduction applies to her old-age benefits, as provided in

---

[1] In her initial briefing to the Court, Ms. Manibusan challenged the procedural basis for the ALJ's actions and the SSA's supplementation of the record, as well as the constitutional validity of portions of the Social Security Act. (*See* Dkt. No. 29 at 17–19.) Defendant adequately addressed those issues in its response, which Ms. Manibusan did not challenge in reply. (*Compare* Dkt. No. 30 at 13–16, *with* Dkt. No. 35 at 4–18.) *See Robinson v. D.C.*, 130 F. Supp. 3d 180, 189 (D.D.C. 2015) ("'[A] court may treat those arguments that the plaintiff failed to address [in its reply] as conceded.'") (quoting *Hopkins v. Women's Div., General Bd. of Global Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003)). Therefore, the Court will limit its analysis to the arguments challenged in Ms. Manibusan's brief in opposition and reply. (*See generally* Dkt. No. 35.)

§ 402(q)(1), but she asserts that it does not apply to her spousal benefits and that the SSA's interpretation of § 402(q)(3), upon which it based its determination, is in error. (*See generally* Dkt. Nos. 35, 38.) The Court does not find Ms. Manibusan's argument persuasive.

The plain text of the Act is unambiguous. According to 42 U.S.C. § 402(b)(2), "[e]xcept as provided in subsections (k)(5) and (q), [a] wife's insurance benefit . . . shall be equal to one-half of the primary insurance amount of her husband." According to § 402(q)(3)(A), if "an individual is entitled to a wife's . . . insurance benefit and . . . an old-age insurance benefit . . . such wife's . . . insurance benefit . . . shall be reduced as provided in subparagraph (B), (C), or (D)." Subparagraph (B)(i) provides that a spousal benefit is reduced by the "amount by which [the wife's] old-age insurance benefit is reduced" and subparagraph (B)(ii) provides that a spousal benefit is further reduced by the "amount by which [the] spousal benefit" is reduced, *i.e.*, if the spouse sought spousal benefits prior to attaining her full retirement age. Applying these provisions to Ms. Manibusan's undisputed facts results in the following calculation of her monthly benefit, as of December 2015: $843.60 = $1,022.40 (§ 402(b)(2) amount) – $178.80 (§ 402(q)(3)(B)(i) amount) – $0 (§ 402(q)(3)(B)(ii) amount)). This is consistent with the ALJ's final determination. (*See* Dkt. No. 20-1 at 56.)

If the Act were ambiguous, the SSA's regulations, policies and procedures, and rulings would be relevant in interpreting the Act, and all support the ALJ's interpretation. As the Ninth Circuit recently indicated, "[t]he Supreme Court has explained that [the Act's] 'complexity, the vast number of claims that it engenders, and the consequent need for agency expertise and administrative experience lead us to read the [Act] as delegating to the [SSA] considerable authority to fill in, through interpretation, matters of detail related to its administration.'" *Lambert v. Saul*, 2020 WL 6735633, slip op. at 8 (9th Cir. Nov. 17, 2020) (quoting *Barnhart v.*

ORDER
CIVIL CASE NO. 19-0150
PAGE - 4

Case 1:19-cv-00150   Document 39   Filed 12/16/20   Page 4 of 6

*Walton*, 535 U.S. 212, 225 (2002)). This Court must give deference to the SSA's interpretation of the Act, as indicated in its regulation. *Id.* (citing *Am. Fed'n of Gov't Emps. v. FLRA*, 204 F.3d 1272, 1274–75 (9th Cir. 2000)). Accordingly, 20 C.F.R. § 404.411 addresses how benefits are calculated when a person is entitled to two or more benefits. It provides for the reduction of a spousal benefit if the individual also previously claimed reduced old-age benefits due to early retirement. *Id.* at § 404.411(d). It then goes on to provide the same reduction formula as described in the statutory provisions considered above. *Id.* at § 404.411(d)(1), (d)(2). The SSA's Program Operations Manual System ("POMS") provides a similar result. *See* SSA POMS RS 615.020(A)(3). While POMS "does not impose judicially enforceable duties on either this court or the ALJ," it is "entitled to respect." *Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1073 (9th Cir. 2010); *see Warre v. Comm'r Soc. Sec.*, 439 F.3d 1001, 1005 (9th Cir. 2006) (describing POMS as having "persuasive authority"). The ALJ's interpretation of the Act is also in accordance with a long-standing Social Security Ruling ("SSR"). The SSR describes in detail how a spousal benefit would be calculated in a fact pattern analogous to Ms. Manibusan's. *See Wife's Ins. Benefit-Simultaneous Entitlement of Wife to Old-Age Ins. Benefits-Benefit Amount*, SSR 69-13 (1969). It indicates that the spouse's benefit must be reduced by the same amount that her old-age benefit was reduced, in light of her decision to seek early retirement benefits. *Id.* at 3.

      Ms. Manibusan argues that if her spousal benefit must be reduced, she is entitled to her full, unreduced old-age benefit *in addition* to a reduced spousal benefit. (Dkt. No. 35 at 6–15.) But this is not consistent with the plain language of the Act. According to the Act, "if an individual is entitled to an old-age benefit . . . and to any other monthly insurance benefit . . . such insurance benefit . . . shall be reduced . . . by an equal amount to such old-age . . . benefit (after reduction under such subsection (q)). 42 U.S.C. § 402(k)(3)(A). The SSA's regulations

ORDER
CIVIL CASE NO. 19-0150
PAGE - 5

provide for similar treatment, as does POMS. *See* 20 C.F.R. § 404.407(a); POMS RS 00615.020. This result is also mirrored in decisions by reviewing courts. *See, e.g., Pack v. Colvin*, 2016 WL 11467549, slip op. at 2 (S.D. Ind. 2016) ("Benefits are also reduced when an individual receives retirement benefits as well as spousal benefits, referred to by the Commissioner as 'simultaneous entitlement.' 20 C.F.R. § 404.407(a)."); *see also Cook v. Heckler*, 783 F.2d 1168, 1169 n.1 (4th Cir. 1986) (According to § 402(k)(3)(A)), an individual otherwise entitled to "both types of benefits" is limited to "the larger of the two benefits."); *Horner v. Richardson*, 331 F. Supp. 417 (E.D. Pa. 1971) (similar holding).

Therefore, the Court finds that the ALJ did not err in calculating the amount of Ms. Manibusan's benefit payment.

## IV. CONCLUSION

For the foregoing reasons, the court AFFIRMS the ALJ's decision and DISMISSES this case with prejudice. The Clerk is DIRECTED to enter judgment in Defendant's favor consistent with this order.

DATED this 16th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CIVIL CASE NO. 19-0150
PAGE - 6

Case 1:19-cv-00150   Document 39   Filed 12/16/20   Page 6 of 6